**Debra KEACH and Patricia Sage, Plaintiffs,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

**No. 01–1168.**

United States District Court,
C.D. Illinois,
Peoria Division.

Feb. 28, 2003.

See, also, 245 F.Supp.2d 941.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates and Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs, Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers LLP, Washington, DC, for Defendant, U.S. Trust Company.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris LLC, Chicago, IL, for Defendant, Ellen D. Foster.

Michael T. Graham and Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant, The Northern Trust Company.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants, Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Roy Davis, David Lubben, Davis & Campbell LLC, Peoria, IL, for Defendants, Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant, Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant, Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant, Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant, James Freid.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant, Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant, William Gehring, Henry Gregory, Ii, John F. Halpin, James Kyle, John Lappegaard, George McKittrick, Clayton Patino, Jerry Rathmann, W.

Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant, Richard Hodgson.

Dean Essig, Washington, IL, for Defendant, Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants, Michael Norbutas, Frederick Stuber, and Ashley Anne Foster, Melvyn R. Regal.

### ORDER

MIHM, District Judge.

Now before the Court is a Motion for Summary Judgment by Defendant Richard Hodgson's ("Hodgson"). For the reasons set forth below, the Motion for Summary Judgment [# 420] is DENIED.

### FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by Defendant Hodgson, who is in this suit only as a party-in-interest in Count IX of the First Amended Complaint. He supplied services to F & G in the 1980s, and in the mid–1980s, he was asked to serve on the F & G Board of Directors. Hodgson served on the F & G Board through 2001. The matter is now fully briefed and ready for resolution. This Order follows.

### DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable fact-finder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

Hodgson is in this case solely as a non-fiduciary party-in-interest pursuant to § 406(a) of ERISA, which prohibits a "sale or exchange ... of any property between the plan and a party in interest," and also prohibits a "transfer to ... a party in

interest ... of any assets of the plan." 29 U.S.C. § 1106(a)(1)(A) and (D). ERISA further defines a "party in interest" to include any fiduciary, person providing services to the plan, an employer, an employee/officer/director or 10% shareholder of an employer, or any relative of these individuals. 29 U.S.C. § 1002(14). There is no dispute that Hodgson qualifies as a party in interest with respect to the 1995 transaction.

As the Court has previously held and hereby incorporates by reference, once Plaintiffs establish that the purchases of stock by the ESOP constituted a prohibited transaction under § 406, § 502(a)(3) then provides a right of action to seek appropriate equitable relief from parties in interest to redress the violation. *Harris Trust,* 120 S.Ct. at 2188, *citing* § 502(*l*)(1)(B). Borrowing from the law of trusts, the Defendants can then invoke the substantive equivalent of a modified bona fide purchaser defense by establishing that they gave value for the trust property. If the Defendants are able to make such a showing, a presumption of good faith attaches, and the burden shifts back to the Plaintiffs to establish that Defendants acted in bad faith or had actual or constructive notice of the circumstances that rendered the transaction unlawful.

Plaintiffs have conceded that at least for purposes of these motions, they do not contest that the stock purchase transactions were for "value" in the sense that they were not gratuitous but rather involved consideration that was more than nominal. Accordingly, Hodgson is entitled to a presumption of good faith and lack of knowledge unless Plaintiffs are able to rebut that presumption.

In this respect, the record reflects a genuine issue of material fact requiring resolution at trial. Although Hodgson was not a fiduciary to the ESOP, he was an F & G Board member and regularly attended F & G Board meetings. He was therefore in a position that afforded him access to much of the same information that was available to the plan fiduciaries. Specifically, he would have had access to discussions and presentations to the Board in contemplation of the 1995 transaction, as well as the litigation reports presented and discussed at Board meetings, including an October 26, 1995, report disclosing that MBC had received inquiries from attorneys general offices in three states over the previous two weeks and that a fourth inquiry remained pending. Hodgson would also have had access to information regarding Valuemetrics' role in structuring the transaction and alleged conflicts of interest on the part of certain fiduciaries.

Hodgson has presented an Affidavit indicating: (1) he had no day-to-day contact with F & G employees because he lived in Pennsylvania; (2) he did not believe the complaints relayed to the Board regarding MBC's sweepstakes issues were out of the ordinary for a sweepstakes marketing business until the first part of 1998; (3) he was not involved in determining, negotiating, or establishing the per share price for the 1995 transaction; (4) he was aware that the transaction was being approved by competent professional advisors and relied on their determinations; and (5) he refused to sell shares in 1997 because he believed that the value of the shares was going to increase. However, Plaintiffs have also introduced evidence, which when construed in the light most favorable to Plaintiffs as the non-moving party and drawing reasonable inferences therefrom, could support the conclusion that he had constructive knowledge of circumstances that rendered his reliance on the determinations of those experts unreasonable and should have placed him on notice that the

transaction could be unlawful.[1] As the Court has previously held in this case, questions of this nature are plainly issues of fact involving assessments of credibility to be resolved at trial. Accordingly, Hodgson's Motion for Summary Judgment must be denied.

## CONCLUSION

For the reasons set forth above, Defendant Hodgson's Motion for Summary Judgment [# 420] is DENIED.

1.  Parenthetically, the Court notes that several of the factual assertions made by Plaintiffs in an attempt to demonstrate Hodgson's knowledge involve facts known to other officers at F & G or bear no information indicating that Hodgson was a recipient of the information. While the Court has determined that there is enough evidence in the record to create a genuine issue of material fact when construed in the light most favorable to the Plaintiffs, Plaintiffs are again placed on notice that "guilty by association" is not enough to prevail at trial, and to establish liability against Hodgson, they must establish *his* knowledge of the circumstances that rendered the transaction unlawful.